J-S05004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LAZARO LUIS ABREU-SUSET, | |
| Appellant | No. 996 MDA 2015 |

Appeal from the Order Entered May 11, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000903-2008

BEFORE:  BENDER, P.J.E., SHOGAN, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED JANUARY 05, 2016**

Appellant, Lazaro Luis Abreu-Suset,[1] appeals *pro se* from the May 11, 2015 order dismissing, as untimely, his second petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The PCRA court set forth the history of Appellant's case, as follows:

> On November 4, 2009, a jury found [Appellant] guilty of two counts of Rape of a Child,[2] two counts of Involuntary Deviate Sexual Intercourse with a Child,[3] two counts of Aggravated Indecent Assault of a Child,[4] two counts of Indecent

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that in Appellant's *pro se* brief to this Court, he spells his surname, "Abreau-Suset." However, in the certified record, and prior decisions by this Court in Appellant's case, his surname is spelled, "Abreu-Suset." To maintain consistency, we will use the latter spelling.

Assault of a Person Less than 13 Years of Age,[5] one count of Indecent Exposure,[6] and one count of Corruption of Minors.[7] On March 31, 2010, [Appellant] received … an aggregate sentence of not less than 16 nor more than 35 years.[2]

> [2] 18 Pa.C.S.A. §3121(c).
> [3] 18 Pa.C.S.A. §3123(b).
> [4] 18 Pa.C.S.A. §3125(b).
> [5] 18 Pa.C.S.A. §3126(a)(7).
> [6] 18 Pa.C.S.A. [§]3127.
> [7] 18 Pa.C.S.A. §6301(a)(1).

[Appellant] filed a timely Notice of Appeal to the Superior Court of Pennsylvania. After the Superior Court affirmed his sentence, [Appellant] filed a Petition for Allowance of Appeal in the Supreme Court of Pennsylvania, which was denied on August 30, 2011.[3] [Appellant] timely filed [a] PCRA petition on November 18, 2011 and counsel was appointed. An evidentiary hearing was held on August 20, 2013; ultimately, [Appellant's] petition [w]as dismissed by Order and Opinion of November 21, 2013. [Appellant] filed a timely appeal to the Superior Court; the Superior Court affirmed the order of the PCRA court on June 24, 2014.[4] [Appellant] filed the instant petition on March 2, 2015, alleging that, based on *Alleyne v. United States*,[8] his sentence was illegal because he had received a mandatory sentence, which, under Pennsylvania law at the time, required only that the facts to determine the [applicability of the] mandatory minimum sentence be submitted to the judge and proved by a preponderance of the evidence.

> [8] *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

---

[2] The record indicates that Appellant received two mandatory minimum terms of 10 years' imprisonment, pursuant to 42 Pa.C.S. § 9718(3), for one count of rape of a child and one count of aggravated indecent assault of a child.

[3] *Commonwealth v. Abreu-Suset*, 23 A.3d 1074 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 27 A.3d 1014 (Pa. 2011).

[4] *Commonwealth v. Abreu-Suset*, 105 A.3d 44 (Pa. Super. 2014) (unpublished memorandum).

PCRA Court's Pa.R.Crim.P. 907 Notice, 4/21/15, at 1-2.

The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition as untimely on April 21, 2015. Appellant filed a *pro se* response, but the court issued an order dismissing his petition on May 11, 2015. Appellant filed a timely *pro se* notice of appeal, as well as a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he presents six issues in his Statement of the Questions Involved, but in his argument, he abandons all but the following claim: "Whether [Appellant's] mandatory minimum sentence of 16 years imposed under the unconstitutional statute 42 Pa.C.S.A. [§] 9718 is illegal under the recent decision rendered by our Pennsylvania [Supreme] Court … in [**Commonwealth v.**] **Hopkins**, [117 A.3d 247 (Pa. 2015)]?" Appellant's Brief at 15.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001).

We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) (stating

PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition).  Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date on which the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
>> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>>
>>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>>
>>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>>
>>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

Here, after this Court affirmed Appellant's judgment of sentence, the Pennsylvania Supreme Court denied his petition for allowance of appeal on

August 30, 2011. Thus, Appellant's judgment of sentence became final on November 28, 2011, at the expiration of the 90 day time-period for seeking review with the Supreme Court of the United States. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Consequently, Appellant had until November 28, 2012, to file a timely PCRA petition, making his instant petition patently untimely.

For this Court to have jurisdiction to review the merits of Appellant's claims, he must prove the applicability of one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b)(1). Appellant argues that he has satisfied the 'new constitutional right' exception of section 9545(b)(1)(iii). This Court has explained the requirements for satisfying this exception, as follows:

> Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words

> mean that the action has already occurred, *i.e.,* "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

***Com. v. Miller***, 102 A.3d 988, 994 (Pa. Super. 2014) (quoting ***Commonwealth v. Seskey***, 86 A.3d 237, 242-43 (Pa. Super. 2014)).

Specifically, Appellant maintains that his mandatory minimum sentences, imposed under 42 Pa.C.S. § 9718 ("Sentences for offenses against infant persons"), are illegal under the new constitutional rule announced in ***Alleyne***, and this Court's holding in ***Commonwealth v. Wolfe***, 106 A.3d 800 (Pa. Super. 2014). In ***Alleyne***, the United States Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt. ***Alleyne***, 133 S.Ct. at 2163. Thereafter, this Court held in ***Wolfe*** that section 9718 is unconstitutional, in its entirety, in light of ***Alleyne*** and subsequent decisions by this Court. ***See Wolfe***, 106 A.3d at 806 (citing, *inter alia*, ***Commonwealth v. Newman***, 99 A.3d 86 (Pa. Super. 2014 (*en banc*), as "stand[ing] for the proposition that mandatory minimum sentencing statutes in Pennsylvania of this format are void in their entirety"). Appellant claims that ***Alleyne*** and ***Wolfe*** announced 'new constitutional rules' triggering applicability of section 9545(b)(1)(iii), thus requiring this Court to vacate his illegal, mandatory minimum sentences.

We disagree. "Even assuming that ***Alleyne*** did announce a new constitutional right, neither our Supreme Court, nor the United States

Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final." *Miller*, 102 A.3d at 995. Furthermore, *Wolfe* did not announce a 'new rule'; rather, in that case we simply assessed the validity of 42 Pa.C.S. § 9718 under *Alleyne* and subsequent decisions by this Court, and concluded that that mandatory minimum sentencing statute is unconstitutional. Moreover, even if *Wolfe* did announce a new rule, no decision by our Supreme Court or the United States Supreme Court has held that *Wolfe* applies retroactively to post-conviction petitioners such as Appellant. Accordingly, Appellant cannot rely on either *Alleyne* or *Wolfe* to satisfy section 9545(b)(1)(iii).

We also reject Appellant's argument that our Supreme Court's recent decision in *Hopkins* satisfies this exception to the PCRA time-bar. In that case, the Court held that under *Alleyne*, the mandatory minimum sentencing scheme set forth in 18 Pa.C.S. § 6317 ("Drug-free school zones") is unconstitutional in its entirety, as certain provisions of that statute do not adhere to *Alleyne's* rule and are not severable from the remaining portions of the statute. *See Hopkins*, 117 A.3d at 262. For the same reasons discussed *supra* regarding *Wolfe*, the *Hopkins* decision did not create a new constitutional rule. Moreover, even if it did, our Supreme Court has not held that any allegedly 'new rule' announced in *Hopkins* applies retroactively to post-conviction petitioners. Consequently, Appellant's reliance on *Hopkins* also does not satisfy the timeliness exception of section 9545(b)(1)(iii).

Finally, we are unable to afford Appellant relief based on his assertion that we must review (and vacate) his sentence because challenges to the legality of a sentence can never be waived. Our Court has clarified that, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised … in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." *Miller*, 102 A.3d at 995 (citation omitted). Because here, Appellant has not demonstrated the applicability of any timeliness exception, this Court does not have jurisdiction to consider the merits of his petition and vacate his mandatory minimum sentences.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/2016